UNITED STATES DISTRICT COURT
Southern District of Florida

CASE NO. 98-2003

ASSOCIATION FOR DISABLED AMERICANS,
INC., DANIEL RUIZ, JORGE LUIS RODRIGUEZ
and ERNST ROSENKRANTZ,

CIV-LENARD

    Plaintiffs,
vs.

WOOD - CENTRE, INC., RICHARD GOLDBERG
and STUART BERNSTEIN,

MAGISTRATE JUDGE
JOHNSON

    Defendants.
_____/

## COMPLAINT

Plaintiffs, the Association for Disabled Americans, Inc., Daniel Ruiz, Jorge Luis Rodriguez and Ernst Rosenkrantz (sometimes jointly referred to herein as "plaintiffs"), hereby sue the defendants, **WOOD - CENTRE, INC., RICHARD GOLDBERG and STUART BERNSTEIN** (colectively referred to herein as "defendants") for injunctive relief pursuant to 42 U.S.C. § 12181, et seq. ("Americans With Disabilities Act" or "ADA").

### JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§1331 and 1343 for plaintiffs' claims arising under 42 U.S.C. §§12181, et seq., based on defendants' violations of Title III of the Americans With Disabilities Act (see also 28 U.S.C. §§2201 and 2202.

### PARTIES

2. Plaintiff, the Association for Disabled Americans, Inc. is a non-profit corporation organized and existing under the laws of the State of Florida ("Association"). The Association's members

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

## Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. (a) Plaintiffs - Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved).

(c) Attorneys. Enter firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. Jurisdiction. The basis of jurisdiction is set forth under Rule 8 (a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction is based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an X in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. Residence (citizenship) of Principal Parties. This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause.

V. Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

VI. Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Refiled. (4) Check this box for cases refiled in the district court. Attach copy of order.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate's decision.

VII. Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. Related Cases. This section of the JS-44 is used to reference relating pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

Date and Attorney Signature. Date and sign the civil cover sheet.

(rev. 6|90)

are individuals with disabilities under and as defined by the ADA. The primary purpose of the Association is to represent its members to assure that public spaces and commercial premises are accessible to and useable by its members in the future, to assure its members that they will not be excluded from participation in or be denied the benefits of the services, programs or activities of public accommodations, and to assure its members that they are not discriminated against because of their disabilities. The Association and its members have suffered direct and indirect injury as a result of the defendant's actions or inaction described herein, and will continue to suffer injury and discrimination without the immediate relief provided by the ADA as requested herein. The Association has also been discriminated against because of its association with its members and their claims.

3. Plaintiffs, Daniel Ruiz, Jorge Luis Rodriguez and Ernst Rosenkrantz are residents of the State of Florida, are *sui juris*, and are individuals with disabilities under and as defined by the ADA.

4. Defendant WOOD - CENTRE, INC. is a disooved Florida corporation which is no longer authorized to transact business in Florida. Defendants RICHARD GOLDBERG and STUART BERNSTEIN are residents of the State of Florida and are *sui juris*. Defendants are the owners, lessees, lessors and/or operators of the real property and improvements which are the subject of this action, commonly known as the Concord Centre II, located at 2999 NE 191st Street, Aventura, Florida (the "building" or "premises").

- 2 -

LAW OFFICES OF FOWLER, WHITE, BURNETT, HURLEY, BANICK & STRICKROOT, P.A.
SEVENTEENTH FLOOR • INTERNATIONAL PLACE, 100 SOUTHEAST SECOND STREET, MIAMI, FLORIDA 33131-1101 • TEL. (305) 789-9200

## INTRODUCTION

5.  On July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§12101, et seq.

6.  Congress found, among other things, that:

    (i)   some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

    (ii)  historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

    (iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

    (iv)  individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, activities, benefits, jobs, or other opportunities; and,

    (v)   the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity,

42 U.S.C. §12101(a)(1)-(3), (5) and (9).

LAW OFFICES OF FOWLER, WHITE, BURNETT, HURLEY, BANICK & STRICKROOT, P.A.
SEVENTEENTH FLOOR • INTERNATIONAL PLACE, 100 SOUTHEAST SECOND STREET, MIAMI, FLORIDA 33131-1101 • TEL. (305) 789-9200

7. Congress explicitly stated that the purpose of the ADA was to:

    (i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

    (ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

    (iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

8. The congressional legislation provided commercial businesses one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if defendants have 10 or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. §12181; 28 CFR §36.508(a).

9. The premises which is owned, leased to or by, and/or operated the defendants and which is the subject of this action includes an office building and related facilities where services are offered and/or obtained. The office building and the offices and facilities therein must be, but are unable to be, accessed by individuals with disabilities, including the individual plaintiffs and the corporate plaintiff organization and its members.

LAW OFFICES OF FOWLER, WHITE, BURNETT, HURLEY, BANICK & STRICKROOT, P.A.
SEVENTEENTH FLOOR • INTERNATIONAL PLACE, 100 SOUTHEAST SECOND STREET, MIAMI, FLORIDA 33131-1101 • TEL. (305) 789-9200

10. Pursuant to 42 U.S.C. §12181; 28 CFR §36.104, the building which is the subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith.

11. The defendants have discriminated and continue to discriminate against the individual plaintiffs and members of the corporate plaintiff organization, and other similarly situated individuals, by denying them access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the building, as prohibited by 42 U.S.C. Sec. 12182 *et seq.*, and by failing to remove architectural barriers as required by 42 U.S.C. §12182(b)(2)(A)(iv).

12. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA. 28 CFR Part 36.

13. Defendants are in violation of 42 U.S.C. 12181 *et seq.*, and 28 CFR 36.302 *et seq.*, and are discriminating against the plaintiffs, members of the plaintiff organization, and other similarly situated individuals by failing to, *inter alia*,

>  (i) install ramps with appropriate slope, handrails, landing areas and signage, and make curb cuts in sidewalks, entrances, stairs and/or otherwise provide an accessible, properly designated and unobstructed route to and throughout the building and to the primary functions of the building;

(ii)   install the proper number or appropriate telecommunication devices for the individuals with hearing impairments, reposition telephones to appropriate levels, and/or provide requisite signage, electrical and acoustical outlets and shelf spaces;

(iii)  provide the requisite number of, properly located and/or properly designated handicapped parking and/or drop-off areas with requisite signage;

(iv)   provide requisite working elevators and/or modify same to include appropriate braille, visual and auditory indicators, reopening devices, proper communication equipment at appropriate heights, and/or appropriate call buttons at proper heights;

(v)    widen door and doorways, provide requisite maneuvering clearances and offset areas for opening doors, provide proper door hardware on doors, provide appropriate opening resistance on doors and/or provide appropriate closing delay on doors to allow required access and an accessible route into and throughout the building and its facilities;

(vi)   provide requisite signage for all accessible routes throughout the building and its facilities;

(vii)  modify rest rooms for accessibility, including, failing to:

   a) rearrange partitions and doors to increase maneuvering space and provide proper accessibility for individuals with disabilities;

   b) install appropriate grab bars around toilets;

   c) insulate pipes under sinks to prevent burns;

   d) provide appropriate clearance under sink(s) for accessibility;

   e) provide appropriate and properly positioned controls and mechanisms on faucets and other rest room facilities;

-6-

        f) install toilet(s) and/or toilet seat(s) at appropriate heights;

        g) install full-length bathroom mirror(s), or mirrors at the appropriate height and/or angle;

        h) position toilet paper dispenser(s), paper towel dispenser(s) and/or soap dispensers at appropriate heights;

(viii) provide adequate and appropriate signage for disability facilities;

(ix) provide adequate, properly positioned and/or appropriate visual and audible alarms and notification devices;

(x) provide drinking fountains with appropriate controls, spout height and/or accessibility; and/or

(xi) provide controls, emergency pull switches, and other controls and mechanisms at appropriate heights and/or with appropriate controls,

by January 26, 1992 (or January 26, 1993 if defendants have 10 or fewer employees and gross receipts of $500,000 or less).

    14. A specific, although **not exclusive**, list of defendants' ADA violations include their:

(i) Failure to provide the requisite number of handicapped accessible car and van parking spaces with appropriate access aisles, to properly locate and mark same, to have the appropriate sized and configured handicapped parking spaces, to properly sign those spaces, and to locate those spaces nearest the accessible entrance;

(ii) Failure to provide counters with the appropriate heights and configurations or appropriate alternative writing surfaces;

(iii) Failure to modify the doors of the building to have the requisite opening resistance, accessible door hardware, maneuvering areas and closing delays as prescribed by the ADA;

LAW OFFICES OF FOWLER, WHITE, BURNETT, HURLEY, BANICK & STRICKROOT, P.A.
SEVENTEENTH FLOOR • INTERNATIONAL PLACE, 100 SOUTHEAST SECOND STREET, MIAMI, FLORIDA 33131-1101 • TEL. (305) 789-9200

(iv) Failure to modify doors to have thresholds within the height and slope parameters prescribed by the ADA;

(v) Failure to provide public restrooms with:

    a) proper accessible entry doors with appropriate opening resistance and maneuvering clearances;

    b) requisite Braille signage;

    c) requisite maneuvering clearances within the restrooms and stalls;

    d) emergency notification devices as required by the ADA;

    e) dispensers within the height parameters prescribed by the ADA; and

    f) lavatories mounted at the appropriate height and with accessible controls and insulation.

(vi) Failure to provide signage with Braille for all public rooms and spaces;

(vii) Failure to provide emergency notification devices throughout the building as required by the ADA; and

(viii) Failure to modify the building elevators to have the required audible indicators and accessible call buttons.

15. The individual plaintiffs, the corporate plaintiff's members and other similarly situated individuals have been and continue to be denied access to, and have been denied the benefits of services, programs and activities of, the building and its facilities, and have otherwise been discriminated against and damaged by defendants because of defendants' ADA violations set forth above, and will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. Besides the individual plaintiffs' claims

-8-

asserted herein, similar claims are also asserted on behalf of the Association and its other members as the claims do not require the participation of each individual member.

16. Defendants have been provided notice of the violations set forth herein and has failed and/or refused to cure those violations. Furthermore, such notice is not required as a result of defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993 if defendants have 10 or fewer employees and gross receipts of $500,000 or less).

17. Plaintiffs have been obligated to retain undersigned counsel for the filing and prosecution of this action, and have agreed to pay their counsel reasonable attorneys' fees, including costs and expenses incurred in this action. Plaintiffs are entitled to recover those attorneys' fees, costs and expenses from defendants pursuant to 42 U.S.C. §12205.

18. Pursuant to 42 U.S.C. 12188, this Court is provided authority to grant plaintiffs' injunctive relief including an order to alter the subject facilities to make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

**WHEREFORE**, plaintiffs respectfully request that the Court issue a permanent injunction enjoining the defendants from continuing their discriminatory practices, ordering the defendants to alter the subject premises as appropriate to comply with the ADA, closing the subject premises until the requisite modifications

are completed, and awarding plaintiffs their attorneys' fees, costs and expenses incurred in this action.

>                    FOWLER, WHITE, BURNETT, HURLEY,
>                    BANICK & STRICKROOT, P.A.
>                    Attorneys for Plaintiffs
>
>                    By: _____
>                       WILLIAM N. CHAROUHIS, ESQ.
>                       Florida Bar No. 510076
>                       International Place
>                       100 S.E. 2nd Street
>                       Seventeenth Place
>                       Miami, FL 33131-1101
>                       (Telephone) 305-789-9259
>                       (Facsimile) 305-789-9201

I:\WNC\ADA\FRM\COMPLN\OFFICE\CONCORD.1

# CIVIL COVER SHEET

**98-2003**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**MAGISTRATE JUDGE JOHNSON**

**CIV-LENARD**

**PLAINTIFFS**
ASSOCIATION FOR DISABLED AMERICANS, INC., DANIEL RUIZ, JORGE LUIS RODRIGUEZ and ERNST ROSENKRANTZ,

**DEFENDANTS**
WOOD-CENTRE, INC., RICHARD GOLDBERG and STUART BERNSTEIN,

COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Dade
COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Dade

A: Dade 1:98cv2003/JAL/LRT

**ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
W.N. Charouhis, Esq., Fowler, White, et al., 100 S.E. 2nd St., 17 Flr., Miami, FL 33131; 305-789-9200

CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

FILED BY AUG 24 AM 10:4 CARLOS JUENKE CLERK U.S. DIST. CT. S.D. OF FLA. - MIAMI

**CAUSE OF ACTION**
42 U.S.C. Sec. 12181, et seq. ADA violations.

Three days estimated (for both sides) to try entire case

**DATE:** 8/2/98

**SIGNATURE OF ATTORNEY OF RECORD:** (William N. Charouhis, Esq.)